PHILLIPS DAYES
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
DAVID DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Carl Davis, individually; and Deborah Davis, individually, and as husband and wife<br><br>Plaintiffs,<br><br>vs.<br><br>Sybrant Construction, LLC, an Arizona corporation; Sandi Sybrant and John Doe Sybrant, husband and wife | Case No.: _____<br><br>**COMPLAINT** |

Plaintiffs Carl Davis and Deborah Davis, for their Complaint against Defendants, allege as follows:

### NATURE OF THE CASE

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiffs bring this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. Plaintiffs seek to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

8. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

9. At all times material hereto, Plaintiffs were residents of Maricopa County, Arizona.

10. At all times material hereto, Sybrant Construction, LLC was incorporated in the State of Arizona with its principal place of business in Maricopa County, Arizona.

11. Upon information and belief, at all times material hereto, Defendant Sandi Sybrant, was and continues to be a resident of Maricopa County, Arizona.

12. John Doe Sybrant is Sandi Sybrant's husband. Sandi and John Doe Sybrant have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

13. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendant Sandi Sybrant is the owner of Sybrant Construction, LLC

14. At all relevant times, Plaintiffs were "employees" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

15. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

16. At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

17. Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

18. Defendant Sandi Sybrant is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216.

19. All Defendants are co-equally liable for all matters.

20. Defendant Sandi Sybrant made all decisions on the daily activities of his employees and is therefore individually liable under the FLSA.

21. Defendant Sandi Sybrant makes all decisions regarding pay policies for Sybrant Construction, LLC

22. Defendant Sandi Sybrant exerted financial control over Sybrant Construction, LLC

23. Defendant Sandi Sybrant exerted operative control over Sybrant Construction, LLC

24. Defendant Sandi Sybrant has the power to close Sybrant Construction, LLC

25. Defendant Sandi Sybrant has the power to hire and fire employees.

26. Defendant Sandi Sybrant hired managerial employees.

27. On information and belief, Defendant Sandi Sybrant maintained employment records.

28. On information and belief, Defendant Sandi Sybrant dictated the corporate message in pending labor investigations.

29. Defendant Sandi Sybrant profited from the FLSA violations detailed in this complaint.

30. At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

31. Plaintiffs engaged in commerce or in the production of goods for commerce and are therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

32. Plaintiffs handled supplies, such as construction materials and tools, that originated out of state.

33. Plaintiffs were involved in transacting business across state lines via interstate telephone calls or the U. S. Mail which included taking new orders from customers.

34. Plaintiffs were involved in ordering or receiving goods from out-of-state suppliers.

35. Plaintiffs were involved in receiving of goods from out-of-state suppliers by using the Defendants' company credit card.

36. Plaintiffs also handled credit card transactions that involved the interstate banking and finance systems.

37. On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

**FACTUAL BACKGROUND**

38. Sybrant Construction, LLC is a general contractor that provides construction management and design/build services to its clientele. Sybrant Construction, LLC provides all general construction services, design/build services, construction inspection services for building facilities, structures, damns, roads, and bridges.

39. Sybrant Construction, LLC hired Plaintiff Carl Davis in June of 2015 as a general contracting controller.

40. Plaintiff Carl Davis's job duties and responsibilities included coordinating vendors and sub-contractors for construction jobs. Plaintiff Carl Davis would be responsible for ensuring management's policies and procedures were being properly effectuated on the construction job sites.

41. Sybrant Construction, LLC hired Plaintiff Deborah Davis in June of 2015 as a safety officer.

42. Plaintiff Deborah Davis's job duties and responsibilities included monitoring company safety policies on each construction job and reporting back to her manager if there were any possible safety issues on the construction jobs. Plaintiff would also perform safety inspections pursuant to Defendants' policies.

43. Sybrant Construction, LLC compensated Plaintiffs on a salary basis.

44. Plaintiffs' pay did not fluctuate, it was a base salary.

45. Defendants withheld taxes out of Plaintiff's paycheck pursuant to IRS regulations.

46. Plaintiffs were non-exempt employee.

47. Each Plaintiff had no supervision or management responsibilities.

48. Each Plaintiff could neither hire nor fire employees.

49. Each Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out her job responsibilities.

50. Defendants managed, supervised, and directed all aspects of each Plaintiff's job duties and responsibilities.

51. Each Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of Sybrant Construction, LLC or its' customers.

52. Each Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

53. Each Plaintiff did not perform work requiring advanced knowledge.

54. Each Plaintiff did not perform work in a field of science or learning.

55. Each Plaintiff did not have an advanced degree and was not required to have one to perform the work.

56. The knowledge required to perform the each Plaintiff's job responsibilities is not acquired by a prolonged course of specialized intellectual study.

57. Each Plaintiff's work did not require consistent exercise of discretion and judgment.

58. Each Plaintiff's work did not require them to analyze, interpret, or make deductions from varying facts or circumstances.

59. Each Plaintiff's duties were carried out in a mechanical and routine manner and they had no authority to make independent major decisions in performing those duties.

60. Each Plaintiff's work did not require invention, imagination, originality, or talent.

61. Each Plaintiff's work did not require creative or original analysis and interpretation.

62. Each Plaintiff's regular schedule was five days per week. Plaintiffs were also required to work on the weekends once to twice per month.

63. Plaintiffs would have to arrive at 5:00 am every day they were on the schedule and were not able to leave work until at least 3:30 p.m. each weekday that they were on the schedule.

64. Defendants also dictated that Plaintiffs would have to work one or two weekend days each month.

65. Each and every week that Plaintiffs have worked their regular schedule, they have worked over forty hours in a week.

66. By improperly classifying Plaintiffs as exempt employees, Defendants are depriving Plaintiffs upwards of twenty hours of overtime pay each and every week.

67. Defendants did not pay Plaintiffs overtime.

68. Plaintiffs were not commissioned employees.

69. Commissions did not consist of more than one half of Plaintiffs' weekly earnings.

70. Plaintiffs have retained the law firm of Phillips Dayes National Employment Law Firm to prosecute their claims against Defendants on their behalf and have agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

## COUNT ONE
## OVERTIME VIOLATION—29 U.S.C. § 207

71. Plaintiffs incorporate and adopt paragraphs 1 through 70 above as if fully set forth herein.

72. While employed by Defendants, Plaintiffs regularly worked multiple hours of overtime per week.

73. Plaintiffs were non-exempt employees.

74. Defendants have intentionally and willfully failed and refused to pay Plaintiffs overtime according to the provisions of the FLSA.

75. On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs in accordance with 29 U.S.C. § 207.

76. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

77. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiffs for an amount equal to one and one-half times their regular pay rate for each hour of overtime worked per week.

78. In addition to the amount of unpaid wages owed to each Plaintiff, each Plaintiff is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

79. On information and belief, Defendants' conduct in failing to properly compensate Plaintiffs, in violation of the FLSA, was willful.

80. Defendants have not made a good faith effort to comply with the FLSA. Plaintiffs have been required to bring this action to recover their overtime compensation, and their statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiffs have incurred costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

    a. Awarding Plaintiffs overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times each Plaintiff's regular rate of pay while at work for Defendants, in an amount proved at trial;

    b. Awarding each Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding each Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. Awarding each Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

     e. Awarding each Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

     f. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLARATORY JUDGMENT

81. Plaintiffs incorporate and adopt paragraphs 1 through 80 above as if fully set forth herein.

82. Plaintiffs and Defendants have an overtime compensation dispute pending.

83. The Court has jurisdiction to hear each Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

84. Plaintiffs are entitled to declarations, and request that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

     a. Defendants employed each Plaintiff.

     b. Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

     c. Each Plaintiff individually is covered by the overtime provisions of the FLSA.

     d. Each Plaintiff was not an exempt employee pursuant to the FLSA.

     e. Defendants failed and refused to make payments of overtime compensation to each Plaintiff, in violation of the provisions of the FLSA.

    f. Defendants' failures to pay overtime compensation to each Plaintiff were willful.

    g. Each Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times each Plaintiff's regular rate of pay.

    h. Each Plaintiff is entitled to an equal amount as liquidated damages.

    i. Each Plaintiff is entitled to recover his costs and a reasonable attorney's fee incurred in prosecuting his claim.

85. It is in the public interest to have these declarations of rights recorded as each Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

86. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully request that judgment be entered int heir favor against Defendants:

    a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

    b. Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

    c. For such other and further relief as the Court deems just and proper

Dated: November 3, 2015

                        Respectfully submitted,

                        **PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**

                        By: /s/ Trey Dayes
                              Trey Dayes
                              Attorney for Plaintiffs